UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv60972

KENICKAY PRENDERGAST,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                            **COMPLAINT – CLASS ACTION**

ALLEN, MILLER & GREENE, LLC,

    Defendants.

_____/

**CLASS ACTION COMPLAINT AND JURY DEMAND**

On behalf of the putative class, Plaintiff KENICKAY PRENDERGAST ("Plaintiff"), seeks redress for the unlawful conduct of Defendant ALLEN, MILLER & GREENE, LLC ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby such letters violate § 1692e, § 1692f and § 1692g of the FDCPA.

**INTRODUCTION**

1. The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card

Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to Florida consumers in an attempt to collect consumer debts while neglecting to adequately provide consumers with information guaranteed to them under the FDCPA. Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA over the punitive class timeframe set forth herein.

## JURISDICTION AND VENUE

4. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

5. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within this District.

## DEMAND FOR JURY TRIAL

6. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

7. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

9. Defendant is a Texas Corporation, with its principal place of business located in Houston, Texas.

10. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

11. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

12. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the current creditor, whoever that may be.

13. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

14. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

15. Defendant is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C §1692a(6).

16. On or about February 12, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. As shown in the excerpt below, in the Collection Letter, Defendant makes the following statements:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Excerpt from* Exhibit A-Collection Letter.

18. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, *inter alia*, that:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) *the name of the creditor to whom the debt is owed*;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) *a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector*; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. In the second sentence of the excerpt depicted above from the Collection Letter, Defendant omits material language that it is required to include pursuant to the FDCPA. Defendant has a duty to adequately advises Plaintiff and members of the class of their rights under § 1692g of the FDCPA.

20. Here, in the Collection Letter, Defendant states: "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of judgement or verification." Defendant failed to inform Plaintiff and members of the class that Plaintiff would need to notify Defendant "that the debt, or any portion thereof, *is disputed*" in order to invoke her rights under § 1692g(a)(4) of the FDCPA. *See* 15 U.S.C § 1692g(4).

21. Furthermore, nowhere in the Collection Letter does it state who the current creditor of the debt is as Defendant is required to clearly and effectively disclose pursuant to 15 U.S.C §1692g(a)(2) of the FDCPA.

## CLASS ACTION ALLEGATIONS

22. This action is brought on behalf of the following two classes, *to wit*, the "**Faulty Disclosure Class**" and the "**Failure to Identify Creditor Class**"

23. The "**Faulty Disclosure Class**" consists of:

   (i) all persons with Florida addresses (ii) who were sent a letter (iii) between April 29, 2017 and April 29, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and Defendant failed to provide necessary disclosures under § 1692g(a)(4).

24. The "**Failure to Identify Creditor Class**" consists of:

   (i) all persons with Florida addresses (ii) who were sent a letter (iii) between April 28, 2017 and April 28, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and Defendant failed to properly disclose the name of the creditor to whom the debt is owed pursuant to 15 U.S.C §1692g(a)(2).

25. Plaintiff alleges on information and belief that the "Faulty Disclosure Class" and the "Failure to Identify Creditor Class" is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to addresses in Florida attempting to collect debts with the same disclosure failures at issue here.

A.   *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

26. Common questions of law and fact exist as to the class and predominate over any issues involving only individual class members.

27. With respect to the **Faulty Disclosure Class**:

   **a.** The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

   **b.** The *principal legal issue* of the class is whether Defendant violated 15 U.S.C. § 1692e and/or § 1692g by failing to provide a complete disclosure of Plaintiff's rights as required to do under § 1692g(a)(4).

28. With respect to the **Failure to Identify Creditor Class**:

   **a.** The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

   **b.** The *principal legal issue* of the class is whether Defendant violated 15 U.S.C. § 1692e and/or § 1692g by failing to clearly, adequately, and effectively convey the name of the creditor to whom the debt is owed.

29. Excluded from each class are Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B.  *TYPICALITY*

30. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C.  *ADEQUACY*

31. Plaintiff is an adequate representative of the proposed classes.

32. Plaintiff will fairly and adequately protect the interests of the classes.

33. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.  *PREDOMINANCE AND SUPERIORITY*

34. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the classes thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request

certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e, § 1692g(b) and § 1692g(a)(4)**

36. Plaintiff incorporates the preceding Factual Allegations Complaint as though fully stated herein.

37. Pursuant to § 1692g(a)(4) of the FDCPA, Defendant must provide Plaintiff with "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, *is disputed*, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4) (emphasis added). Further, the FDCPA mandates that: "[a]ny collection activities and communication during the 30-day period may not overshadow *or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor*." 15 U.S.C. § 1692g(b) (emphasis added).

38. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or *misleading* representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

39. "[T]he broad prohibitions of § 1692e apply to a debt collector's false, deceptive, or *misleading representation or means* used *in connection with the collection of any debt* [and] [t]he broad prohibitions of § 1692f apply to a debt collector's use of unfair or unconscionable *means to collect or attempt to collect any debt.*" 15 U.S.C. § 1692f. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014) (emphasis original). Moreover, "[t]he use of 'or' in § 1692e

means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or *misleading*. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." <u>Bourff v. Rubin Lublin, L.L.C.</u>, 674 F.3d 1238 (11th Cir. 2012).

40. Here, the Collection Letter's omits required statutory language. As such, a false and misleading statement was made due to the omission. The omission violated § 1692g(b) since it causes the required disclosure to be "inconsistent with the disclosure of the consumer's rights," as guaranteed by § 1692g(a)(4). Accordingly, Defendant has, by misconstruing Plaintiff and class member's rights, violated § 1692e, § 1692g(a)(4), and § 1692g(b) of the FDCPA.

WHEREFORE, Plaintiff, individually and on behalf of the Faulty Disclosure Class, request that the Court enter judgment in favor of Plaintiff and the Faulty Disclosure Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief this Court deem proper.

## COUNT II.
## VIOLATION OF 15 U.S.C. § § 1692e, § 1692g(b) and 1692g(a)(2)

31. Defendant violated §1692g(a)(2) of the FDCPA by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of name of the creditor to whom the Consumer Debt is owed, in that, the Collection Letter fails to identify any entity as being the "creditor." *See* <u>Pardo v. Allied Interstate, L.L.C.</u>, 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as

Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid §1692g(a)(2) claim).

32.   Here, in the Collection Letter, Defendant fails to clearly identify any entity as the creditor of the debt.

33.   Courts have consistently held that "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." McGinty v. Professional Claims Bureau, Inc., Case No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see also*, Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12–cv–00916 NC, 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a)(2)); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor"); Dix v. Natl. Credit Sys., Inc., 2:16-CV-3257-HRH, 2017 WL 4865259, at *2 (D. Ariz. Oct. 27, 2017) ("[a]ll defendant did was name the current creditor. Defendant did nothing to identify Metro on 19th as the current creditor. Thus, plaintiff is entitled to summary judgment on his section 1692g(a)(2) claim"); Datiz v. International Recovery Associates, Inc., Case No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) (because collection letter "did not make it *explicit* that [the hospital] was the current creditor to whom the plaintiff owed a debt" summary judgement was granted in favor of Plaintiff's §1692g(a)(2) claim).

41.  Accordingly, Defendant has violated § 1692e, § 1692g(a)(2), and § 1692g(b) of the FDCPA.

WHEREFORE, Plaintiff, individually and on behalf of the Failure to Identify Creditor Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1)  Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)  Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)  Such other or further relief as the Court deems proper.

DATED: April 29, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                               .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*