UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-CV-60972-UU

KENICKAY PRENDERGAST,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

ALLEN, MILLER & GREENE, LLC,

        Defendant.
_____/

### DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT

Defendant, **ALLEN, MILLER & GREENE, LLC**, moves this Court to set aside the Clerk's Default entered on June 5th, 2018 and states:

1. This Court entered an Order on June 5th, 2018 (Doc #9) directing the clerk to enter a default because the Defendant had not responded to the Complaint by June 4th, 2018.

2. A Clerk's Default was entered immediately thereafter on June 5th, 2018 (Doc #10).

3. *Prior to the entry of the default, Defendant had filed a motion seeking additional time to file a response to the lawsuit on Friday, June 1st, 2018. (Doc #7).*

4. This motion was submitted along with an Agreed Order after Defendant has conferred with Plaintiff's counsel who has agreed to the extension to respond to the complaint. As more fully set forth in the motion, counsel for the Defendant

has only been retained by the Defendant on May 31st, 2018, and had not has sufficient time to confer with his client concerning the allegations of the complaint and any potential defenses thereto. The motion was filed timely and before a response to the lawsuit was due on June 4th, 2018.

5. On June 4th, 2018, the Court entered an order denying Plaintiff's Motion for Extension of Time in its totality.

6. *Counsel for the Defendant was unaware that the court had even entered this Order. Counsel for the Defendant was in Fort Lauderdale because his 85 year old mother had been admitted to University Hospital in Tamarac with severe gastrointestinal problems. Counsel for the Defendant rushed to the hospital to assist his 86 year old father with his mother's needs.*

7. Counsel for the Defendant first learned that the Motion for Extension of Time had been denied when counsel for the Plaintiff contacted him by telephone after 4:00 p.m. on June 4th, 2018. Counsel for the Defendant was on his way home from the hospital. Counsel for the Plaintiff informed counsel for the Defendant that the Motion for Extension of Time had been denied, to which counsel for the Defendant replied that he needed to immediately file his Answer and Affirmative Defenses.

8. In fact, counsel for the Defendant was in the process of drafting the Answer and Affirmative Defenses when the Order and default noted above was served by the Court.

9. Therefore, in accordance with Rule 55(c) and Rule 60(b), Defendant has demonstrated excusable neglect as a result of the emergency involving the

        hospitalization of counsel's mother on June 4th, 2018, and his being out of the office on June 4th, 2018 and unaware that the Court had even entered an order denying his Motion for Extension of Time.

10. Counsel for Defendant's Affidavit in Support of its Motion is attached as *Exhibit #1*.

11. Defendant has meritorious defenses in accordance with its Answer and Affirmative Defenses.. Defendant's Answer and Affirmative Defenses is attached hereto as Defendant's *Exhibit #2*.

12. Granting of the Motion to Vacate, under the circumstances noted, will not result in any prejudice to Plaintiff. In fact, counsel for Plaintiff and Defendant has been in communication on June 5th, 2018, prior the time that the default was entered and discussed the date of the scheduling conference and had also set aside a date and time (June 14th, 2018 at 10:00 a.m.) to address the requirements necessary before the status conference hearing.

13. Given that Defendant timely moved for an extension of time to respond to the complaint, and then was not in a position to respond to the complaint on June 4th (one day after the Court had entered its order denying the Motion for Extension of Time) because of the emergency involving his mother and his being out of the office for the day, the Court should vacate the default and allow the case to be heard on its merits.

14. Defendant has engaged in absolutely no dilatory conduct that would be a basis of entering a default against Defendant under these circumstances.

15. To establish mistake, inadvertence or excusable neglect under Rule 60(b)(1), a

defaulting party must show that: 1) it had a meritorious defense that might have affected the outcome; 2) granting the motion would not result in prejudice to the non-defaulting party; and 3) a good reason existed for failing to reply to the complaint. *In re Worldwide Web Systems, Inc.* 328 F.3d at 1295 (11th Cir.2003); *Physician's Ins. Co. v Ehlers*, 8 f.3d 780, 783 (11th Cir. 1993). The 11th Circuit recognizes a strong policy of determining cases on their merits and defaults are viewed with disfavor. *In Re Worldwide.* See also, *African Methodist Episcopal Church, Inc. v Ward,* 185 F.3d 1201(11th Cir. 1991).

16. For the reasons set for above, which reason foremost involved an emergency for the defendant's counsel, the default should be vacated and the case allowed to proceed on the merits.

Respectfully Submitted,

/s/ **Joel B. Blumberg, Esquire**

Florida Bar No.: 727164
Joel@creditorcollections.com
Joel B. Blumberg, P.A.
200 Butler Street, Suite 307
West Palm Beach, Florida 33407
Telephone: (561) 683-5900
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Email on this 5th day of June, 2018, on all counsel or parties of record on the Service List below.

By: _____
JOEL B. BLUMBERG, ESQUIRE

## SERVICE LIST

JIBRAEL JARALLAH SAID HINDI, ESQ.
The Law Offices of Jibrael S. Hindi
110 S.E. 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 907-1136
Email: jibrael@jibraellaw.com